(80 South. 367)

PELL CITY REALTY CO. v. LANEY et al.
(7 Div. 967.)

(Supreme Court of Alabama.   Dec. 19, 1918.)

ADVERSE POSSESSION ⬤══85(3)—EVIDENCE.

In suit to quiet title to two lots, evidence for complainants tending to show property described in deed to complainant's vendor embraced lots, and that it was property of which vendor took possession and held adversely for more than 20 years, up to sale to complainants, held to sustain decree for them.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Suit to quiet title by Z. A. Laney and others against the Pell City Realty Company. From decree for complainants, respondent appeals. Affirmed.

Bill filed under section 5443 of the Code of 1907 to quiet the title to lots 1 and 2, in block 4 of the town of Pell City, Ala., according to the S. H. Lee map. Decree was rendered in favor of complainants (appellees), and respondent prosecutes this appeal.

It was admitted in the answer that complainants were, at the commencement of this suit, in the peaceful possession of said lots 1 and 2; and that complainants own a part of said lots. It further appears without dispute that at the time of the filing of the bill no suit was pending to enforce or test the validity of such title or claim of complainants.

Complainants offered deed from Martha M. Cameron, dated August 12, 1914, purporting to convey lots 1 and 2, in block 4, of the town of Pell City, as described in the bill; also, deed from Theo Zellner to said Martha M. Cameron, dated December 15, 1890, describing the property as follows:

"Commencing at the southeast corner of a lot of land, being one and one-half acres, bought by the party of the first part (Theo Zellner), from James M. Brown; running 100 feet west; then running 150 feet north; then running 100 feet east—then 150 feet to the corner stake, the place of beginning."

Also, deed from James M. Brown to said Theo Zellner, purporting to convey:

"A lot or parcel of land containing one and one-half acres, being a part of the northeast fourth of the northwest fourth of section one, township seventeen, range three east, and situated in the town of Pell City, St. Clair county, Alabama; commencing 630 feet north of the southwest corner of the above-described forty, and running east 210 feet to a stake, thence south 315 feet to a stake; thence west 210 feet to a stake, thence north along the west boundary line of the above-described forty 315 feet to a stake at starting point."

Complainants offered proof of possession by them of lots 1 and 2, in block 4, in the town of Pell City, as described in the bill; and that said Martha M. Cameron was in possession of the same under claim of ownership at the time she executed the deed to complainants in August, 1914; and that the said Martha M. Cameron had so been in possession under said claim of ownership of said lots 1 and 2—in the recollection of one of the complainants—for a period of 14 years.

The evidence for the complainants of John F. Cameron, a son of said Martha M. Cameron—the latter being deceased—tended to show: That, at the time his mother obtained the deed from Zellner, lots 1 and 2 had been staked off, but the streets had not been opened; and that the property described in the deed to his mother, of date December 15, 1890, embraced lots 1 and 2, in block 4, of the town of Pell City. That immediately upon the purchase of said property his mother took possession thereof, built a house thereon, and lived there for a number of years, cleared the land upon the lots, and cultivated the same (either herself or rented the same to other parties who cultivated it) up until the time she sold said lots to complainants, which would cover a period of nearly 24 years. That during such period his mother was in the "open, exclusive, notorious, adverse possession of said lots" under claim of ownership, and that he heard of no one else claiming title to the same during that time; and that his mother paid the taxes thereon during said period. That after the property was sold to the complainants they built a house thereon. Complainants also offered the testimony of one Wyatt, who was the county surveyor, and who had made a survey of the property here in controversy. His testimony tended to show that the property embraced in the deed of Martha M. Cameron corresponded substantially to lots 1 and 2, in block 4, as described in the bill—of which the complainants are now in possession.

Respondent offered in evidence deed from Robert Garry to Sumpter Cogswell, dated April 18, 1904, purporting to convey a par-

cel of land containing 1½ acres, being a part of the northeast quarter of the northwest quarter, section 1, township 17, range 3 east, St. Clair county, "beginning at a point 630 feet north of the southwest corner of the above forty-acre tract, running thence east 210 feet to a stake, thence south 315 feet to a stake, thence west 210 feet to a stake, thence north along the west boundary of said forty-acre tract 315 feet to the begining, except that part thereof heretofore sold to Mrs. M. M. Cameron, "and also deed from the said Cogswell to the Pell City Realty Company of date October 4, 1904, with the same description as above, and containing the expression "except that part thereof heretofore sold to Mrs. M. M. Cameron." The respondent offered proof tending to show that the property conveyed to said Mrs. M. M. Cameron did not embrace all of lots 1 and 2, block 4, but embraced a large portion thereof; and further tended to show that the said Martha M. Cameron had not been in possession of all of said lots 1 and 2; that there was a variation between the land lines of the government survey and of the survey or map of the town of Pell City. The evidence for the respondent further tended to show that respondent took possession of that portion of lots 1 and 2 at the time of the execution of the deed from Cogswell, and that Martha M. Cameron did not have possession of said portion of said lots.

M. M. Smith, of Pell City, for appellant.
S. W. Tate, of Anniston, for appellees.

GARDNER, J. This cause was tried upon oral testimony offered before the trial court. The evidence was not without some conflict. That for the complainants tended to show the property described in the deed to Martha M. Cameron—from whom complainants purchased—embraced lots 1 and 2, in block 4, of the town of Pell City, as described in the original bill; and that this was the property of which the said Martha M. Cameron took possession, and remained in the open, notorious, and adverse possession of the same for a period of more than 20 years, and up to the time of the sale to complainants. It further appears without dispute that the complainants have been in such adverse and undisturbed possession from the time of their purchase to the date of trial. The conveyances under which the respondent claims expressly excepted the property purchased by Mrs. M. M. Cameron.

We enter into no discussion of the evidence here, as this would serve no useful purpose. A sufficient outline of the tendencies of the evidence for the respective parties appears in the statement of the case. Suffice it to say the same has been very carefully considered, and there is found ample proof to sustain the findings of the court below. The decree granting the complainants the relief prayed will be, accordingly, affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.